Johnson, J.
There is certainly much good feeling in the view which the Chancellor has taken of this case; and if it was a case in which the Court could exercise any discretion, the defendant should have the benefit of it; but the rights of the parties appear to me to depend on a rule of right, over which the Court has no control. The defendant, by neglecting to make regular returns of his administration to the Ordinary, and to account with the plaintiffs, has rendered this suit necessary — the plaintiffs had no other means of coming at their rights. The principal litigation in the cause arose out of his claim to be paid for the board' and lodging of the plaintiffs, and to be let into a distribution of the estate limited over to the children of his wife’s mother, and both these claims were decided against him, and he now asks to be reimbursed money paid to counsel for vindicating these claims — and surely the Court would not be justified in compelling the plaintiffs to pay money* which he has voluntarily given to another, to their prejudice, rather than their advantage.
It is said that some litigation grew out of one of the credits claimed by the defendant in the account which was objected to by the plaintiffs, and which was adjudged for the, defendant, and this is claimed as a ground on which the defendant ought to be reimbursed his expenses. *27 The bill was for an account from the defendant, and it was not only his duty to render a correct account, but the right of the plaintiffs to contest every item, and insist on its being proved and substantiated according to the forms of law. They have not, therefore, been guilty of any wrong, and ought not to be charged with the errors or misfortunes of the defendant.
Grimlce, for the appellants.
Petigru, contra.
It is therefore ordered that the decree of the Circuit Court be reversed, and that the report of the Master be affirmed and made the judgment of the Court.
Harper, J., concurred.